Eric WEISBLATT, individually and on behalf of all others similarly situated, Petitioner

v.

Honorable Tom CORBETT, as Governor of the Commonwealth of Pennsylvania; Honorable Charles Zogby, as Secretary of Budget of the Commonwealth of Pennsylvania; Honorable Rob McCord, as Treasurer of the Commonwealth of Pennsylvania; and Department of the Treasury of the Commonwealth of Pennsylvania, Respondents.

No. 157 M.D. 2011.

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 2011.

Decided June 29, 2012.

David H. Weinstein, Philadelphia, for petitioner.

Howard Hopkirk, Senior Deputy Attorney General, Harrisburg, for respondents.

BEFORE: LEADBETTER, President Judge [1], and McGINLEY, Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge [2], and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Presently before the Court are the preliminary objections of Governor Tom Cor-

1. This case was assigned to the opinion writer before Judge Pellegrini succeeded Judge Leadbetter as President Judge.

2. This case was argued before an en banc panel of the Court that included former Judge Johnny J. Butler. Because Judge Butler's term on the Court ended January 2, 2012, this matter was submitted on briefs to Judge Brobson as a member of the en banc panel.

bett and Budget Secretary Charles Zogby (Respondents) to the amended petition for review in the nature of a class action complaint filed by Eric Weisblatt, individually and on behalf of all others similarly situated (hereafter Petitioner), seeking declaratory, mandamus, and equitable relief for alleged violations of the Tobacco Settlement Act (TSA), Act of June 26, 2001, P.L. 755, *as amended,* 35 P.S. §§ 5701.101–5701.5103, and the Pennsylvania Constitution.

The underlying facts and procedural history in this matter closely resemble the companion case of *Sears, et al. v. Tom Corbett, et al.,* 49 A.3d 463 (Pa.Cmwlth. 2012), and need not be repeated in detail here. Suffice it to say, Petitioner was a participant in the adultBasic program at the time of its termination on February 28, 2011. Petitioner filed a petition for review in the nature of a class action complaint for declaratory, mandamus, and equitable relief. Petitioner later filed an amended petition for review seeking a declaration that Respondents' redirection of the tobacco settlement monies violated the TSA, a declaration that Act 46 of 2010, Act No. 46, P.L. 279, and Act 26 of 2011, Act No. 26, P.L. 159, were in violation of Article III, sections 3, 11, and 24 of the Pennsylvania Constitution, a writ of mandamus directing Respondents to deposit these monies in accordance with the TSA, and equitable relief in the nature of an injunction preventing Respondents from making any disposition of said monies contrary to the provisions of the TSA.

Respondents thereafter filed preliminary objections in the nature of a demurrer and for lack of standing. Respondents alleged that the express language of section 1303(c) of the TSA precluded Petitioner from asserting any entitlement or claim on Commonwealth funds to restore the adultBasic program. Respondents also al-

leged that Petitioner's second amended petition for review was barred by sovereign immunity. Further, Respondents alleged that they complied at all times with the requirements of Article III, sections 3, 11, and 24 of the Pennsylvania Constitution. Petitioner filed an answer essentially denying these allegations.

Because the reasoning of *Sears v. Corbett* applies equally in this case, we incorporate that opinion by reference and reach the same conclusions in this case.

Accordingly, Respondents' preliminary objections asserting compliance with Article III, section 11 of the Pennsylvania Constitution are sustained and Respondents' preliminary objections asserting sovereign immunity, a lack of entitlement under section 1303(c) of the TSA, and compliance with Article III, sections 3 and 24 of the Pennsylvania Constitution are overruled.

Judge COHN JUBELIRER did not participate in the decision of this case.

## *ORDER*

AND NOW, this 29th day of June, 2012, the preliminary objections of the Respondents are hereby sustained in part and overruled in part, consistent with the opinion in *Sears, et al. v. Tom Corbett, et al.,* 49 A.3d 463 (Pa.Cmwlth.2012). With respect to any remaining issues, Respondents are directed to file an answer within 30 days of the date of this order.

## DISSENTING OPINION BY Judge SIMPSON.

For the reasons set forth in my dissenting opinion in the companion case of *Sears, et al. v. Tom Corbett, et al.,* 49 A.3d 463 (Pa.Cmwlth.2012) (Simpson, J., dissenting), I would sustain the preliminary objection in the nature of a demurrer and dismiss

the second amended petition for review with prejudice.

Judge McGinley joins in this dissenting opinion.